IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

01 JAN 24 PM 2: 34

*[signature]*
CLERK ALBUQUERQUE

CIV 01    0091

RICHARD L. PUGLISI

MIKE SANTILLANES, a/k/a
MIGUEL DE LA GARZA
        **Plaintiff,**

vs.

JOHN ALLEN,
    in his individual capacity,

OTIS RODRIGUEZ,
    in his individual capacity,

JOHN DOE 1,
    in his individual capacity, and

JOHN DOE 2,
    in his individual capacity,
        **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS
## VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiff brings this complaint for violation of his civil rights under 42 U.S. C. §1983, 42

U.S.C. §1985 and, gross negligence, and negligence under state tort law; and alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and

1985, with pendent jurisdiction over the state law claims.

2.    Venue is proper in this District as Defendants are all residents of New Mexico and

all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New

Mexico.

**THE PARTIES**

3.     Plaintiff Mike Santillanes ("Plaintiff") is a resident of Las Vegas, San Miguel County, New Mexico.

4.     Defendants John Doe 1 and John Doe 2 are police officers that arrived on the scene before, during, and/or immediately after the subject act, as described below.

5.     At all times material hereto, Defendants were law enforcement officers employed by the State of New Mexico and acting under color of state law and within the scope and course of their employment.  Defendants are being sued in their individual capacities.

**FACTUAL ALLEGATIONS**

6.     On April 24, 1999 at approximately 8:30 p.m., Defendant was driving his 1983 GMC truck when New Mexico State Police Officer John Allen stopped him at the intersection of New Mexico Avenue and Salazar Street in Las Vegas, NM.  The traffic stop was videotaped from within Officer Allen's police car.

7.     After being stopped by Defendant Allen, Plaintiff was not cited and allowed to continue his trip.  Instead, he was ordered to exit his vehicle and stand near the tailgate of his truck for a prolonged period of time.  Defendant Allen held Plaintiff under this prolonged detention while he waited for another State Police Officer, Defendant Otis Rodriguez, to join him.

8.     Upon arrival, Officer Rodriguez asked Plaintiff if he had any open containers in his vehicle.  Officer Rodriquez immediately requested consent to search Plaintiff's vehicle. Officer Rodriguez and Officer Allen conducted a search of the interior of Plaintiff's truck. Officers Rodriguez and Allen discovered a personal use amount of marijuana.

2

9.     Subsequently, the Defendants unlawfully opened a locked toolbox located in the bed of Plaintiff's truck.  Defendant discovered and removed a suitcase from within this toolbox.

10.     In his police report and in his sworn testimony at a suppression hearing in Plaintiff's criminal case, Defendant Allen made false statements in an attempt to insure that the unlawfully seized contraband would be used to support the felony charges filed against the Plaintiff.  Specifically, Defendant Allen testified that he had not removed the suitcase from the toolbox.  Defendant Allen claimed, both in his sworn testimony and his incident report, that he had observed the aforementioned suitcase on the front seat of Plaintiff's vehicle.  He further stated that he could see, in plain view, three (3) clear plastic bags with a white substance in them, one (1) black bag, and a silver pistol protruding from the case.  In truth and in fact, Defendant Allen and Rodriguez were both aware of and participated in the removal of the suitcase from the locked toolbox located in the truck bed.  Despite reviewing the videotape of the traffic stop at the aforementioned suppression hearing, Defendant Allen persisted in his false testimony that he had seized the suitcase from the truck's seat.

11.     All evidence seized or located within the locked toolbox was suppressed by the criminal court based on the Court's finding that the said seizure of the suitcase was conducted in a manner which violated Plaintiff's Fourth Amendment rights.

12.     Based on Defendant Officers' prolonged detention of the Plaintiff and the unlawful seizure of the suitcase, and the contraband within the suitcase, Plaintiff was charged with various felony offenses.  All of these felony offenses were subsequently dismissed after the suitcase and its contents were suppressed.

3

## COUNT I: UNLAWFUL SEIZURE IN VIOLATION OF
## THE FOURTH AND FOURTEENTH AMENDMENTS

13.   Plaintiff hereby incorporates by reference the allegations of paragraphs one (1) through twelve (12), inclusive, as if fully stated herein.

14.   At the time that Plaintiff was stopped by the defendant officers, he had the right to be free from unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

15.   In seizing the Plaintiff, and detaining him for an unreasonably prolonged period of time, Plaintiff was unlawfully detained in violation of his constitutional rights.

16.   Defendants' illegal seizure of his person, the falsifying of reports, and search of his property, and subsequent arrest of Plaintiff caused Plaintiff to be charged with various felony offenses.

17.   Defendants acted with deliberate indifference to Plaintiff's rights.  Said actions were grossly negligent, arbitrary, and shock the contemporary conscience.

18.   As a direct and proximate result of Plaintiff's unlawful seizure, falsification of reports, and perjured testimony, Plaintiff suffered damages and injuries including deprivation of liberty, lost wages, humiliation, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, together with punitive damages, costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief to which Plaintiff may be entitled.

## COUNT II: UNLAWFUL SEARCH IN VIOLATION OF
## THE FOURTH AND FOURTEENTH AMENDMENTS

19.   Plaintiff hereby incorporates by reference the allegations of paragraphs one (1) through eighteen (18), inclusive, as if fully stated herein.

4

20.     At the time that Plaintiff was stopped by the defendant officers, he had the right to be free from unreasonable searches of his person and property as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

21.     In searching Plaintiff and his property, Defendants had an obligation to conduct such search in a reasonable and lawful manner, as prescribed by the Fourth Amendment.

22.     Defendants' illegal search of the locked toolbox, falsifying of reports, and seizure, and subsequent arrest of Plaintiff caused Plaintiff to be charged with various felony offenses. Absent Defendants unlawful search, Plaintiff would not have been charged with said felony offense.

23.     Defendants acted with deliberate indifference to Plaintiff's rights.  Said actions were grossly negligent, arbitrary, and shock the contemporary conscience.

24.     As a direct and proximate result of Plaintiff's unlawful search and seizure, falsification of reports, and perjured testimony, Plaintiff suffered damages and injuries including deprivation of liberty, lost wages, humiliation, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, together with punitive damages, costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief to which Plaintiff may be entitled.

## COUNT II: 1985 CONSPIRACY

25.     Plaintiff hereby incorporates by reference the allegations of paragraphs one (1) through nineteen (19), inclusive, as if fully stated herein.

26.     At all times material to this Complaint, Defendants Allen and Rodriguez agreed and conspired together and with others deprive the Plaintiff of a constitutional or federally

protected right under color of state law, to wit: conspiracy to violate his Fourth Amendment rights to be free unlawful search and seizure.

27.     The joint and wrongful acts of Defendants Allen and Rodriguez were intentional, malicious, sadistic, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

28.     The joint and wrongful acts of Defendants Allen and Rodriguez proximately caused Plaintiff damages and injuries. These damages include extended incarceration, and severe psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendant Allen and Rodriguez, together with all costs and attorneys fees.

## JURY TRIAL DEMAND

29.     Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By: _____
Joe M. Romero, Jr.
Attorney for Plaintiff Santillanes
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776