## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MIKE SANTIALLANES
a/k/a Miguel De LA Garza,

      Plaintiff,

  vs.                              CIVIL NO. 01-91 JP/RLP

JOHN ALLEN, OTIS RODRIGUEZ,
JOHN DOE 1 and JOHN DOE 2, in
their individual capacities,

      Defendants.

## INITIAL SCHEDULING ORDER

    This cause is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended in 1993, as well as the local rules of the Court shall apply to this lawsuit.

    The parties, appearing through counsel or *pro se*, shall "meet and confer" no later than **July 2, 2001** to formulate a provisional discovery plan. Fed. R. Civil. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The provisional discovery plan shall be filed with the Court no later than **July 16, 2001.**

    The parties will cooperate in preparing an Initial Pre-Trial Report (IPTR) which follows the sample IPTR obtainable from the Clerk of the Court.[1] The blanks for dates should <u>not</u> be filled in. Plaintiff, or Defendant in removed cases, is responsible for

---

[1] Please contact the Clerk's Office to obtain a copy of the new standardized Initial Pre-Trial Report form adopted by Administrative Order dated May 11, 1995, and amended by the Court in May 1997. See Attachment "A" which contains the amended language concerning pretrial motions.

submitting the IPTR to my office by **July 16, 2001.**

Good cause must be shown and Court approval obtained for any modification of the IPTR schedules.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made within ten days of the meet-and-confer session.

Motions to amend pleadings and join additional parties shall be served 5 days prior to the Rule 16 Scheduling Conference.

A Rule 16 scheduling conference will be held in my chambers on **July 26, 2001**, at **10:00 a.m.**[2] At the Rule 16 scheduling conference, counsel shall be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a Daubert[3] hearing is needed, initial disclosures, and the time of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We shall also discuss settlement prospects and alternative dispute resolution possibilities and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required. If service on all parties is not complete, plaintiff(s) appearing through counsel or *pro se* plaintiff, is (are) responsible for notifying all parties of the content of this order.

---

[2] Out of town counsel may appear by telephone. Please advise my chambers at least 24 hours prior to the scheduling conference if any, or all counsel, will appear by telephone. Counsel appearing by telephone are responsible for placing the telephone conference call.

[3] Daubert v. Merrell Dow Pharmaceuticals, 113 S.Ct. 2786 (1993).

Pre-trial practice in this cause shall be in accordance with the foregoing.

_____
RICHARD L. PUGLISI
United States Magistrate Judge
333 Lomas Boulevard, N.W., Suite 730, Albuquerque, NM 87102
505-348-2360 (FAX 348-2364)

## NOTICE TO FEDERAL PRACTITIONERS

The standard Initial Pretrial Report form has been revised under the paragraph entitled

"Other Pretrial Motions," as follows:

> Motion "packages" containing the original and one copy of <u>all</u> papers relating to a motion (i.e., the motion, response and reply, with any accompanying memoranda or exhibits) as required by D.N.M.LR-Civ. 7.3(5) must be filed with the Court no later than _____. Any pretrial motion "package" filed after the above date shall be considered untimely in the discretion of the Court.

The revised form is available on the Internet at the Federal District Court web site or on

disk and hard copy format at the Clerk's office.

**ATTACHMENT "A"**