IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE SANTILLANES,

        Plaintiff,

vs.                          No. 01 cv 91 JP/RLP

JOHN ALLEN, et al

        Defendant.

## RESPONSE TO MOTION TO COMPEL

Plaintiff Mike Santillanes, through counsel, Joe M. Romero, Jr., and hereby responds as set forth below to Defendant's motion to compel.

1. Defendant did not confer in good faith prior to bringing the instant motion. Federal Rule of Civil Procedure 37(a)(2)(A) mandates that every motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." The purpose served by Rule 37(a)(2) is a sound one, Federal courts recognize that such a requirement furthers a court's interest in securing a just, speedy, and inexpensive determination of every action, See. *e.g.*, Shuffle Master. Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996). Specifically, requiring parties "to personally engage in sincere, substantive discussions regarding discovery disputes will lead to fewer discovery misunderstandings among the litigating parties and improved judicial economy." Id., 170 F.R.D. at 173.

2. For this reason, courts have routinely denied motions to compel when it is apparent that the movant has not in fact attempted in good faith to resolve the discovery dispute prior to bringing its motion. See. *e.g.*, Id., 170 F.R.D. at 172 (denying motion to compel



responses to interrogatories because movant had not conferred personally with the opposing party to meaningfully discuss the dispute); Ballou v. University of Kansas Medical Center, 159 F.R.D. 558, 560 (Defendant motion to compel denied because "the court cannot find that plaintiff made a reasonable effort to resolve the dispute before bringing the motion to compel").

3. In his Motion to Compel, Defendant purports that he conferred with Plaintiff in such an effort. Motion to Compel at 2, ¶ 4. Defendant points to a single letter, dated August 10, 2001, attached to his Motion as Exhibit A, as evidence of his good faith efforts to confer with Plaintiff prior to bringing his Motion. Id. A review of that letter, however, establishes that Defendant's efforts to confer with Plaintiff prior to bringing his Motion were insufficient.

4. In the aforementioned letter, Defendant notified Plaintiff that Defendant had not received Plaintiff's initial Rule 26 disclosures. Defendant notified Plaintiff that Plaintiff had ten days to serve said disclosures or Defendant would "be forced to file a Motion to Compel" with the Court.

5. Plaintiff propounded and mailed his disclosures on August 14, 2001, however, as described above said disclosures were improperly directed and subsequently returned. See Exhibit 1: Affidavit of Brandon Cummings. In a good faith attempt to settle the instant dispute, Plaintiff attempted to contact opposing counsel so that the disclosures could be hand delivered the same day they were returned. Id. Opposing counsel did not return Plaintiff's telephone call. Id. On August 28, 2001, the same day the instant Motion was mailed to Plaintiff, Plaintiff notified Defendant that the disclosures were being re-mailed, to the correct address, and requested that Defendant contact undersigned counsel regarding the withdrawal of the instant motion. Id. Despite receiving the disclosures sought, Defendant, through his attorney, did not contact counsel for the Plaintiff, nor did Defendant withdraw the instant Motion.

6. Under these circumstances, it is respectfully contended that Defendant did not confer with Plaintiff in good faith prior to bringing his Motion to Compel, as is required by Rule 37(a)(2)(A). Moreover, Plaintiff has already served the disclosures sought. Thus, assuming that Defendant has complied with the Rules of Civil Procedure in bringing his Motion to Compel, his Motion to Compel should still be denied because Plaintiff has in fact provided the requested disclosures without the need of Court intervention.

**WHEREFORE** Plaintiff therefore respectfully requests that the Court deny Defendant's Motion to Compel, and for such other relief as the Court deems appropriate.

Respectfully Submitted,

By: _____
Joe M. Romero, Jr.
Attorney for Plaintiff
1905 Lomas Blvd. NW
(505) 843-9776
(505) 224-9554

I hereby certify that a true and correct copy
of the foregoing pleading was mailed to
opposing counsel, Luis Robles, on this 25th
day of October, 2001.

_____
Joe M. Romero, Jr.

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE SANTILLANES,

           Plaintiff,

vs.                                                      No. CV 99-386 WWD/LFG

JOHN ALLEN, et al
           Defendant.

## AFFIDAVIT OF BRANDON CUMMINGS

STATE OF NEW MEXICO    )
                                     ) ss.
COUNTY OF BERNALILLO    )

      Brandon Cummings, being first duly sworn, and upon her oath, deposes and states:

1. I am a full-time employee of Joe M. Romero, Jr.

2. In said capacity, I am in charge of supervising the mailing of various pleadings, documents, and certificates to opposing counsel.

3. On August 14, 2001, I instructed a temporary secretary to mail Plaintiff Initial Rule 26 Disclosures to opposing counsel, Luis Robles, French & Associates, P.C., at 500 Marquette Ave. NW, Suite 600, Albuquerque, NM 87102.

4. I verified that the package was placed in the mail drop. However, I did not verify the package.

5. On August 19th or 20th the package was returned for improper addressing.

6. I do not recall the specific error in addressing the package. However, I do remember notifying Joe M. Romero, Jr. that the package had been returned because some portion of the address was omitted.

7. Joe M. Romero, Jr. instructed me to call attorney Robles. I was instructed to ask Mr. Robles whether he wanted the Rule 26 disclosures hand delivered that day or whether remailing them was sufficient.

8. I was unable to reach Mr. Robles. Instead, I left a message to that effect and requested that he call me or Joe M. Romero, Jr. back.

9. To my knowledge, no one ever returned my phone call.

10. Approximately one week later, on August 28, 2001, I informed Joe M. Romero, Jr. that I had not received a response regarding the disclosures. Mr. Romero instructed me to remail the disclosures, personally, to the correct address. He further instructed me to call Mr. Robles again and inform him that the disclosures were being remailed. I remailed the disclosures, personally, and attempted to call Mr. Robles as requested. I was again unable to reach Mr. Robles, so I left a message explaining that the disclosures had been remailed.

11. To my knowledge, no one ever returned my second phone call.

FURTHER AFFIANT SAITH NOT.

_____
Brandon Cummings

SUBSCRIBED AND SWORN TO before me this 24th day of October, 2001, by NAME.

_____
NOTARY PUBLIC

My Commission Expires:

7/10/05



OFFICIAL SEAL
JOSETTE H. MEDINA
Notary Public
State of New Mexico
My Commission Expires_____

2