IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE SANTILLANES, a/k/a
MIGUEL DE LA GARZA

    Plaintiff,

v.                               NO. CIV 01-0091 JP/DJS

JOHN ALLEN,
    In his individual capacity,

OTIS RODRIGUEZ,
    In his individual capacity,

JOHN DOE 1,
    In his individual capacity, and

JOHN DOE 2,
    In his individual capacity,

    Defendants.

## MEMORANDUM IN SUPPORT OF OTIS RODRIGUEZ' MOTION TO DISMISS No. I: DISMISSAL OF PLAINTIFF'S COMPLAINT BASED ON PLAINTIFF'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION TO PREVENT DISCOVERY INTO THE FACTUAL BASIS OF HIS CLAIMS

Defendant, New Mexico State Police Officer Otis Rodriguez, (*hereinafter* referred to as "Officer Rodriguez"), through his attorneys French & Associates, P.C. (Luis Robles, Esq.) and pursuant to Fed.R.Civ.P. 12(b)(6) and D.N.M.LR-Civ. 7.3(a), states the following for his Memorandum in Support of his Motion to Dismiss No. I: Dismissal of Plaintiff's Complaint Based on Plaintiff's Invocation of His Fifth Amendment Right Against Self-Incrimination To Prevent Discovery into the Factual Basis of His Claims



## INTRODUCTION

In his Complaint, Plaintiff Mike Santillanes ("Santillanes") brought a Fourth Amendment illegal search and seizure claim against Defendants John Allen ("Officer Allen") and Otis Rodriguez ("Officer Rodriguez"). More specifically, Santillanes claimed that the officers' search of Santillanes' vehicle which uncovered "unlawful contraband" was conducted without Santillanes' consent or a search warrant. After a state court judge suppressed the "unlawful contraband," the State dismissed the underlying criminal charges against Santillanes. After successfully defeating the underlying criminal charges, Santillanes brought this action.

During the course of discovery in this case, Officer Rodriguez served Santillanes with Requests for Admission focused on the "illegal search" and the "unlawful contraband" which Officers Allen and Rodriguez found in Santillanes' vehicle. Instead of admitting or denying the Requests for Admission, Santillanes refused to answer these Requests based on his Fifth Amendment right against self-incrimination. Based on his invocation of his Fifth Amendment right against self-incrimination to prevent discovery into the factual basis of his claims, this Court should dismiss Santillanes' Complaint.

## STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Housing Authority of the Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991). The question is

not whether plaintiff will ultimately prevail but whether the allegations entitle plaintiff to offer evidence to support his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow this Court to assume that a plaintiff "can prove facts that he has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint, moreover, must "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." See Perrington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1396, 1371 (10th Cir. 1979). "It is well-established, [furthermore], that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing, Doyle v. Oklahoma Bar Ass'n, 998 F.2d 159, 1566 (10th Cir. 1993)).

## STATEMENT OF THE FACTS

To understand the context of this Motion, a review of Santillanes' factual allegations in his complaint is necessary.

On April 24, 1999, Santillanes was driving his 1983 GMC truck in Las Vegas, New Mexico. *See Complaint for Civil Rights Violations, Tort Claims, and Damages, ("Complaint") filed January 24, 2001, para. 6 [Docket No. 1]*. At approximately 8:30 p.m., State Police Officer John Allen stopped him at the intersection of New Mexico Avenue and Salazar Street. *See id.*

The traffic stop was videotaped from within Officer Allen's police car. *See id.*

After Officer Allen stopped Santillanes, Officer Allen did not cite Santillanes or allow him to continue his trip. *See id. at para. 7*. Instead, Officer Allen ordered Santillanes to exit his vehicle and stand near the tailgate of his truck for a prolonged period of time. *See id.* Officer Allen detained Santillanes for a prolonged period of time while the officer waited for the arrival of another New Mexico State Police Officer, Otis Rodriguez, to join him. *See Id.*

Upon his arrival, Officer Rodriguez asked Santillanes if he had any open containers in his vehicle. *See id. at para. 8*. Officer Rodriguez immediately requested consent to search Santillanes' vehicle. *See id.* Officer Rodriguez and Officer Allen then conducted a search of the interior of Santillanes' truck. *See id.* During the course of their search, Officers Rodriguez and Allen discovered a personal use amount of marijuana. *See id.*

"Subsequently, [Officers Rodriguez and Allen] unlawfully opened a locked toolbox located in the bed of [Santillanes'] truck." *See id. at para. 9*. "[Officers Rodriguez and Allen] discovered and removed a suitcase from within this toolbox." *See id.* In the tool box, the officers found "unlawful contraband:" "three (3) clear plastic bags with a white substance in them, one (1) black bag, and a silver pistol protruding from the case." *See id. at para. 10*.

In Officer Allen's police report and in his sworn testimony at a suppression hearing in Santillanes' criminal case, Officer Allen made false statements in an attempt to insure that the unlawfully seized contraband would be used to support the felony charges filed against Santillanes. *See id.* Specifically, Officer Allen testified that he had not removed the suitcase from the toolbox. *See id.* Officer Allen claimed, both in his sworn testimony and his incident report, that he had observed the aforementioned suitcase on the front seat of Santillanes' vehicle. *See id.* Officer

4

Allen further stated that he could see, in plain view, three (3) clear plastic bags with a white substance in them, one (1) black bag, and a silver pistol protruding from the case. *See id.*

In truth and in fact, Officers Allen and Rodriguez were both aware of and participated in the removal of the suitcase from the locked toolbox located in the truck bed. *See id.* Despite reviewing the videotape of the traffic stop at the aforementioned suppression hearing, Officer Allen persisted in his false testimony that he had seized the suitcase from the truck's seat. *See id.*

All evidence seized or located within the locked toolbox was suppressed by the criminal court based on the Court's finding that the said seizure of the suitcase was conducted in a manner which violated Santillanes' Fourth Amendment rights. *See id. at para. 11*. Based on the officers' prolonged detention of Santillanes, the unlawful seizure of the suitcase, and the contraband within the suitcase, Santillanes was charged with various felony offenses. *See id. at para. 12*. All of these felony offenses were subsequently dismissed after the suitcase and its contents were suppressed. *See id.*

## SANTILLANES' REFUSAL TO ADMIT OR DENY CERTAIN, RELEVANT REQUESTS FOR ADMISSION

Based on the factual allegations made in Santillanes' Complaint, Officer Rodriguez served Santillanes with Requests for Admission which focused on the "illegal search" and the "unlawful contraband" found in Santillanes' vehicle. Instead of admitting or denying these relevant Requests for Admission, Santillanes refused to answer these Requests based on his Fifth Amendment right against self-incrimination:

> **REQUEST FOR ADMISSION NO. 20.** During Officer Allen's search of the interior (cab) of your truck, Officer Allen found a "personal use amount" of marijuana.
> **ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission

5

as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 21.** During Officer Rodriguez' search the of interior (cab) of your truck, Officer Rodriguez found a "personal use amount" of marijuana.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 22.** The "personal use amount" of marijuana found in the interior (cab) of your truck belonged to you.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 23.** During Officer Allen's search of the interior (cab) of your truck, Officer Allen found a black case containing a white rocky substance which was later determined to be crack-cocaine.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 24.** During Officer Rodriguez' search of the interior (cab) of your truck, Officer Rodriguez found a black case containing a white rocky substance which was later determined to be crack-cocaine.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 25.** The black case containing a white rocky substance which was later determined to be crack-cocaine which was found in the interior (cab) of your truck belonged to you.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination. In addition, Plaintiff objects to this Request for Admission on the grounds that the meaning of the second sentence in this Request for Admission is unclear and ambiguous. Plaintiff also objects to this Request for Admission on the grounds that he cannot answer it in the present, multi-part form because one portion of the question presupposes a response that is incorrect.

**REQUEST FOR ADMISSION NO. 26.** During Officer Allen's search of the interior (cab) of your truck, Officer Allen found a partially empty container of whiskey.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 27.** During Officer Rodriguez' search of the interior (cab) of your truck, Officer Rodriguez found a partially empty container of whiskey.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 28.** The partially empty container of whiskey which was found in the interior (cab) of your truck belonged to you.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 29.** In the bed of your truck, you kept a tool box.

**ADMIT OR DENY:** Admit.

**REQUEST FOR ADMISSION NO. 30.** Prior to the time when the toolbox was opened by the police, the tool box kept in the bed of your truck was locked.

**ADMIT OR DENY:** Admit.

**REQUEST FOR ADMISSION NO. 31.** The police used the key to the tool box to open it.

**ADMIT OR DENY:** Admit.

**REQUEST FOR ADMISSION NO. 32.** A white suitcase was located inside of your truck's tool box.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 33.** You knew that a white suitcase was located inside of your truck's tool box.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-

incrimination.

**REQUEST FOR ADMISSION NO. 34.** The white suitcase that was located inside of your truck's tool box belonged to you.
**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 35.** You did not give any of the officers involved in your arrest permission to search the tool box or white suitcase.
**ADMIT OR DENY:** Deny.

**REQUEST FOR ADMISSION NO. 36.** Inside of the white suitcase, the officers found three clear plastic bags containing a white, rocky substance, later determined to be crack-cocaine.
**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination. Without waiving this objection, Plaintiff lacks any information upon which to base his response to the instant Request for Admission and therefore denies same.

**REQUEST FOR ADMISSION NO. 37.** The police later determined that the white, rocky substance found in the white suitcase was crack-cocaine.
**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination. Without waiving this objection, Plaintiff lacks any information upon which to base his response to the instant Request for Admission and therefore denies same.

**REQUEST FOR ADMISSION NO. 38.** Before your traffic stop occurred, you knew that crack-cocaine was located inside of the white suitcase.
**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 39.** The crack-cocaine which was located inside of your white suitcase belonged to you.
**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 40.** Inside of the white suitcase, the officers found a black plastic garbage bag which contained one and a half pounds

of marijuana.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination. Without waiving this objection, Plaintiff lacks any information upon which to base his response to the instant Request for Admission and therefore denies same.

**REQUEST FOR ADMISSION NO. 41.** Before your traffic stop occurred, you knew that one and a half pounds of marijuana was located inside of the white suitcase.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 42.** The one and a half pounds of marijuana which was located inside of your white suitcase belonged to you.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 43.** Inside of the white suitcase, the officers found an Armenius .38 caliber handgun.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 44.** Before your traffic stop occurred, you knew that an Armenius .38 caliber handgun was located inside of the white suitcase.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 45.** The Armenius .38 caliber handgun which was located inside of your white suitcase belonged to you.

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

**REQUEST FOR ADMISSION NO. 46.** As of April 24, 1999, you had been convicted by a court of law of certain felony crime(s).

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-

incrimination.

**REQUEST FOR ADMISSION NO. 47.** On April 24, 1999, you knew that you were forbidden from possessing a firearm because a court(s) had convicted you of committing certain felony crime(s).

**ADMIT OR DENY:** Plaintiff objects to the instant Request for Admission as it seeks information protected by Plaintiff's 5th Amendment Right against self-incrimination.

*Compare, Otis Rodriguez' First Set of Requests for Admission to Plaintiff Mike Santillanes, RFA 20-47, which is attached as Exhibit A, with Plaintiff's Responses to Defendant Otis Rodriguez' First Request for Admission, Responses 20-47, which is attached as Exhibit B.*

## LEGAL ARGUMENT

Based on his invocation of his Fifth Amendment right against self-incrimination to prevent discovery into the factual basis of his claims, this Court should dismiss Santillanes' Complaint. Discovery regarding the events which gave rise to Santillanes' claim are vital to Officer Rodriguez' defense. There is no effective substitute for Santillanes' responses to Officer Rodriguez' discovery request. Having no other means to examine Santillanes' claim, there is no adequate alternative remedy other than dismissal. For these reasons, this Court should grant Officer Rodriguez' Motion to Dismiss No. I.

**I.  HAVING "NO ABSOLUTE RIGHT TO BOTH HIS SILENCE AND HIS LAWSUIT," THIS COURT SHOULD DISMISS SANTILLANES' COMPLAINT BASED ON HIS INVOCATION OF HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION TO PREVENT DISCOVERY INTO THE FACTUAL BASIS OF HIS CLAIMS.**

Officer Rodriguez is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). The relevance standard "has been broadly construed to encompass any matter that bears on, or could reasonably

lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Centurion Industries, Inc. v. Warren Steurer & Assoc., 665 F.2d 323, 326 (10th Cir. 1981) (relevancy is interpreted more broadly during discovery than at trial). Courts view discovery requests with the liberality contemplated by the federal rules which are designed, in part to "[m]ake a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958) (citing, Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

However, Rule 26(b)(1) provides that Officer Rodriguez may not conduct discovery of a matter that is privileged. Fed.R.Civ.P. 26(b)(1). The Supreme Court has stated that the Fifth Amendment "guarantees . . . the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence." Spevack v. Klein, 385 U.S. 511, 514 (1967) (quoting, Malloy v. Hogan, 378 U.S. 1, 8 (1964)). The concept of "penalty" includes "the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" Spevack, 385 U.S. at 515 (quoting, Griffin v. California, 380 U.S. 609, 614 (1965)). Certainly, Santillanes "unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to that privilege. . . ." Mid-America's Process Service v. Ellison, 767 F. 2d 684, 686 (10th Cir. 1985) (citing, United States v. Kordel, 397 U.S. 1, 13 (1976)).

While automatic dismissal of a civil action may in certain circumstances constitute a penalty, the dismissal of a claim based on a parties' invocation of his or her Fifth Amendment rights is permissible. Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1087 n. 6 (5th

11

Cir. 1979) ("[T]he district court is not precluded from using dismissal as a remedy to prevent unfairness to the defendant."). Indeed, the Supreme Court has indicated that the assertion of the privilege may sometimes disadvantage a party. See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) (allowing adverse inferences to be drawn from a civil party's assertion of the privilege). By asserting his Fifth Amendment right in this civil case, Santillanes "may have to accept certain bad consequences that flow from that action." Mid-America's Process Service, 767 F. 2d at 686. "[A] civil plaintiff has no absolute right to both his silence and his lawsuit." Wehling, 608 F.2d at 1088.

The reason for allowing the imposition of a "sanction" against Santillanes for his proper assertion of his Fifth Amendment privilege is to ensure fairness to all parties to the litigation:

> The plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he has chosen to sue. To hold otherwise would, in terms of the customary metaphor, enable plaintiff to use his Fifth Amendment shield as a sword.

Wehling, 608 F.2d at 1087 (citations omitted). To allow Santillanes to both refuse to answer discovery and continue with his lawsuit would be to allow him to "use his shield as a sword." Id.

Unlike a criminal proceeding, the parties in this civil case are on a somewhat equal footing. To properly balance the parties' competing interests, this Court should strive to accommodate Santillanes' Fifth Amendment right, see United States v. Parcels of Land, 903 F.2d 36, 44 (1st Cir. 1990), while ensuring that Officer Rodriguez is not unduly disadvantaged. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 577 (1st Cir. 1989) (affirming district court's refusal to allow defendant to testify at trial when he asserted Fifth Amendment privilege during discovery). More specifically, Santillanes' "Fifth Amendment privilege should be upheld unless

[Officer Rodriguez has a] substantial need for particular information and there is no other less burdensome effective means of obtaining it." Serafino v. Hasbro, Inc., 82 F.3d 515, 518 (1st Cir. 1996) (citations omitted). After balancing the conflicting interests in this case, however, dismissal is the only fair alternative.[1]

### A. THE IMPORTANCE OF THE INFORMATION: DISCOVERY REGARDING THE EVENTS WHICH GAVE RISE TO SANTILLANES' CLAIM ARE VITAL TO OFFICER RODRIGUEZ' DEFENSE.

Discovery regarding how the officers seized Santillanes' "unlawful contraband" is not only "relevant," but vital to Officer Rodriguez' defense in this case. In his Complaint, Santillanes claimed that the officers' searched Santillanes' vehicle without his consent or a search warrant. Based on the contraband which was illegally obtained from Santillanes' vehicle, the officers then illegally seized (i.e. arrested) Santillanes. To defend against Santillanes' Fourth Amendment claims, Officer Rodriguez served Santillanes with Requests for Admission which seek to determine how the contraband was discovered and who owned the contraband. Given the claims brought by Santillanes, the importance of the information sought by Officer Rodriguez is self-evident.

---

[1] Although dismissal is generally not imposed or affirmed, a number of courts acknowledge the court's power to dismiss even in the face of a party's proper assertion of his or her Fifth Amendment right. See, e.g., Serafino, 82 F.3d at 518; Wehling, 608 F.2d at 1087 n. 6; Lyons v. Johnson, 415 F.2d 540, 542 (9th Cir. 1969); Mt. Vernon Sav. & Loan v. Partridge Assocs., 679 F.Supp. 522, 529 (D.Md. 1987); Stop & Shop Cos. v. Interstate Cigar Co., 110 F.R.D. 105, 108 (D.Mass. 1986); Jones v. B.C. Christopher & Co., 466 F.Supp. 213, 227 (D.Kan. 1979); Penn Communications Specialties, Inc. v. Hess, 65 F.R.D. 510, 512 (E.D.Pa. 1975).

### B. ALTERNATIVE MEANS: THERE IS NO EFFECTIVE SUBSTITUTE FOR SANTILLANES' RESPONSES TO OFFICER RODRIGUEZ' DISCOVERY REQUESTS.

According to Santillanes' Complaint, Officer Allen made false statements in an attempt to insure that the unlawfully seized contraband would be used to support the felony charges filed against Santillanes. To prepare his defense, Officer Rodriguez must determine the factual basis for Santillanes' claim. Even though a videotape of a portion of the underlying incident (no audio) exists, it is a poor proxy for Santillanes' testimony. For example, only Santillanes can testify that he did not give the officers consent to search his entire vehicle. Only Santillanes can testify as to whether the contraband was his property or planted by the officers. Certainly, all the officers involved will testify that their conduct was proper. Thus, the only means available to examine Santillanes' claims is to obtain discovery from Santillanes about his claims.

### C. ALTERNATIVE REMEDIES: THERE IS NO ADEQUATE ALTERNATIVE REMEDY OTHER THAN DISMISSAL.

In view of the alternatives available, any action short of dismissal would not suffice. In this case, there are two less drastic alternatives to dismissal which this Court may consider: granting a motion to compel or staying the matter until the threat of criminal prosecution has terminated. However, neither of these two alternatives would promote fairness to both parties, particularly to Officer Rodriguez.

As for granting a motion to compel, this Court, under the circumstances of this case, may not be on firm ground if it were to order Santillanes to answer questions to which his Fifth Amendment privilege attached. See Wehling, 608 F.2d at 1087. As required by Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 7.2(a), Officer Rodriguez attempted to persuade Santillanes to

waive the Fifth Amendment privilege which he raised in response to the Requests for Admissions. In response to this request, Santillanes gave no indication that he would waive his privilege. Accordingly, granting a motion to compel is not a reasonable alternative.

Alternatively, Santillanes may request a stay of his case until the threat of criminal prosecution is over. In Wehling, the Fifth Circuit reversed the denial of plaintiff's motion for a protective order and stayed the civil proceedings for three years, until the expiration of the criminal limitations period. 608 F.2d at 1089. Not only did Santillanes fail to file a motion to stay, but such a delay would impose a hardship on defendants. Discovery in civil cases allows the parties to obtain certain basic information that is needed to prepare for trial or make an informed decision about settlement. See, e.g., Fed.R.Civ.P. 26, Advisory Committee Notes, 1993 Amendments, Subdivision (a). Without the requested discovery, Officer Rodriguez cannot move forward to either settle this case or prepare for trial. Accordingly, staying the case is not a reasonable alternative.

Information regarding the factual basis for Santillanes' Fourth Amendment illegal search and seizure claims is crucial to Officer Rodriguez' ability to mount an effective defense. Moreover, the vital information is uniquely within Santillanes' control. While he has an absolute right not to reveal any potentially incriminating material, Santillanes' invocation of his right under these circumstances placed Officer Rodriguez at a significant disadvantage. For these reasons, this Court should grant Officer Rodriguez' Motion to Dismiss No. I.

**WHEREFORE,** Defendant, Otis Rodriguez, respectfully requests that this Court grant his Motion to Dismiss No. I, dismiss Santillanes' Complaint with prejudice, award Officer Rodriguez

his attorney's fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

FRENCH & ASSOCIATES, P.C.

By: _____
Luis Robles
Attorneys for Defendant Otis Rodriguez
500 Marquette Ave. N.W., Suite 600
Albuquerque, New Mexico 87102
(505) 843-7075

I hereby certify that a true and
correct copy of the foregoing was
sent via U.S. Mail this _25th_ day of
October, 2001 to:

Joe Romero, Jr., Esq.
Attorney for Plaintiff Mike Santillanes
1905 Lomas Blvd., N.W.
Albuquerque, New Mexico 87104
(505) 843-9776

John E. DuBois, Esq.
RMD LEGAL BUREAU
Attorney for Defendant John Allen
P.O. Drawer 26110
Santa Fe, New Mexico 87502-0110
(505) 827-2202

_____
Luis Robles

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.